## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GENESIS STORES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-4530 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| U.S. VENTURES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER AND OPINION

Defendant U.S. Venture, Inc. ("U.S. Venture") removed this lawsuit from the Eighteenth Judicial Circuit, DuPage County, Illinois based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. Plaintiff Genesis Stores Inc. ("Genesis") subsequently filed a motion to remand under § 1447(c). For the reasons outlined below, the Court grants Genesis's motion, but denies Genesis's request for fees and costs. The Court remands this case to the Circuit Court of DuPage County. Civil case terminated.

## Background

Genesis, a gas station with a car wash, filed its complaint in DuPage County state court on June 5, 2019, alleging that the parties executed a motor fuel supply agreement ("Agreement") and that U.S. Venture, a motor fuel wholesaler, breached the Agreement. In its motion to remand, Genesis contends that based on the Agreement's forum selection clause, the proper venue for this lawsuit is in DuPage County state court. The forum selection clause states as follows:

> Governing Law. Except to the extent governed by applicable federal law, this Agreement shall be interpreted, construed and governed by the laws of the State of Illinois without regard to any conflict of law provisions. Any dispute arising out of this agreement shall be litigated in DuPage County, Illinois.

(R. 12-1, Ex. 1, 2/23/11 Agreement, ¶ 35.)

**Legal Standard**

In construing contracts under Illinois law, "the primary objective is to give effect to the intention of the parties." *Right Field Rooftops, LLC v. Chicago Cubs Baseball Club, LLC*, 870 F.3d 682, 689–90 (7th Cir. 2017). If "words in the contract are clear and unambiguous, they must be given their plain, ordinary and popular meaning." *Soarus L.L.C. v. Bolson Materials Int'l Corp.*, 905 F.3d 1009, 1011 (7th Cir. 2018) (quotation omitted). Illinois courts construe contracts as a whole, *see Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 618 (7th Cir. 2019), and nonsensical interpretations of contracts are disfavored. *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 284 (7th Cir. 2002).

**Discussion**

In support of its motion, Genesis argues that the forum selection clause is clear on its face that the proper venue is the Circuit Court in DuPage County and that any suggestion that the proper venue is the federal district court that sits in Cook County belies common sense. Indeed, courts in this district have concluded that forum selection clauses which specify that disputes "shall" be litigated in a specific county, are reasonable and properly remanded to state court. *See Spenta Enter., Ltd. v. Coleman*, 574 F.Supp.2d 851, 855 (N.D. Ill. 2008) (a "forum selection clause that specifies venue in a county that has no federal court cannot reasonably be interpreted to permit suit in a federal court located in a different county.") (Gettlemen, J.); *Progressive Publ. Inc. v. Capital Color Mail, Inc.*, 500 F. Supp. 2d 1004, 1006 (N.D. Ill. 2007) (Shadur, J.) ("For federal court purposes, venue is not stated in terms of 'counties.' Rather, it is stated in terms of 'judicial districts.'") (citation omitted).

U.S. Venture nevertheless argues that the parties could have drafted a forum selection clause that specifically provided "the Circuit Court of DuPage County, Illinois, located in Wheaton, Illinois," like they did in their security agreement, but they did not. To give context, the parties' security agreement was executed on the same day as the Agreement and is listed as Schedule E to

the Agreement.  Construing the Agreement and its schedules as a whole, as U.S. Venture argues is warranted, U.S. Venture's argument actually lends further support that it was the parties' intent that the proper venue for this lawsuit is the Circuit Court of DuPage County.  To interpret the Agreement and its schedules any other way would render the language in Schedule E meaningless. *Selective Ins. Co. of S. Carolina v. Target Corp.*, 845 F.3d 263, 267 (7th Cir. 2016) (Illinois courts "must seek to give effect to each clause and word used, without rendering any terms meaningless.").

**Conclusion**

Based on the foregoing, the Court grants plaintiff's motion to remand and remands this case to the Circuit Court of DuPage County [12].  The Court dismisses defendant's motion to dismiss as moot [8].  Civil case terminated.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 9/23/2019